UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott Erik Reynolds

   v.                                  Civil No. 12-cv-370-PB

Rockingham County Superior Court

## O R D E R

Scott Erik Reynolds has petitioned for a writ of habeas corpus (doc. no. 1). See 28 U.S.C. § 2254. The matter is before the court for preliminary review to determine whether the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

### § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal

habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

On December 13, 2011, Reynolds pleaded guilty to reckless conduct and criminal mischief offenses in the Rockingham County Superior Court, and was sentenced to serve one-and-a-half to four years in prison, with an additional prison sentence suspended.  Reynolds neither appealed his conviction to the New Hampshire Supreme Court ("NHSC"), nor filed any post-conviction motion or petition collaterally challenging his convictions or sentence in the state superior court.  Reynolds is presently serving the sentence imposed.

Reynolds now challenges his convictions on the basis that his guilty plea was not knowingly and voluntarily entered. Reynolds claims that he opted to enter a guilty plea on the assumption that his attorney had adequately represented him. Reynolds now claims that he has, since his plea, become aware that his attorney failed to request certain items that were missing from the discovery received from the state, including an evidence report and an "audio/video interview."

### Claims

Reynolds has not, in his petition, identified any specific federal right violated by his convictions.  Liberally construing the petition, as is required at this stage of the proceedings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), however, the court finds that Reynolds has attempted to assert the following federal constitutional claims for relief:

> 1.  Reynolds's convictions violate his rights to a fair trial and due process, under the Sixth and Fourteenth Amendments, because they are the result of a guilty plea that was not knowingly, intelligently and voluntarily entered, as Reynolds agreed to plead guilty because he was unaware that his attorney had failed to obtain certain discovery in the case;
>
> 2.  Reynolds's conviction violates his Sixth Amendment right to the effective assistance of counsel because his trial attorney failed to obtain certain discovery, resulting in Reynolds's conviction pursuant to a guilty plea that was not knowing, intelligent, and voluntary.

**Discussion**

I.  Respondent

Reynolds named the Rockingham County Superior Court as the respondent in this action. The proper respondent to a federal habeas petition is the petitioner's custodian; the appropriately named custodian is the warden of the facility in which petitioner is detained. See Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000) (proper custodian in habeas action is the warden of the facility where petitioner is being held); see also 28 U.S.C. § 2243 (writ of habeas corpus granted by a federal court "shall be directed to the person having custody of the person detained"); § 2254 Rule 2. As directed below, Reynolds must amend his petition to name the warden and not the superior court as the respondent to this action.

II.  Exhaustion

To be eligible for relief in a § 2254 petition, Reynolds must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the

courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. See id. § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir.), cert. denied, 132 S. Ct. 426 (2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotation marks and citation omitted). "'The appropriate focus [in an exhaustion inquiry] centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'" Coningford, 640

F.3d at 482 (emphasis in original) (quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)).

Reynolds acknowledges that he has not filed any direct appeal, post-conviction motion, or habeas petition in the state courts. Reynolds has thus plainly failed to exhaust his claims. Accordingly, Reynolds will be granted leave to return to the state courts to exhaust his Sixth and Fourteenth Amendment claims there, raising those claims either in a motion to withdraw his plea in the Rockingham County Superior Court, or in a state habeas petition in the superior court in the county where he is incarcerated. Should Reynolds be unsuccessful in the superior court, he must, to completely exhaust his federal constitutional claims, appeal the order denying those claims to the NHSC. Once the NHSC has finally resolved Reynolds's challenges to his convictions, his federal habeas claims, thus exhausted, may be entertained by this court.

### Conclusion

Reynolds is directed as follows:

1. If Reynolds intends to proceed with his federal habeas petition, he must exhaust his state remedies on his federal habeas claims, and he may seek an order staying

this federal petition to provide him with time to return to the state courts to do so;

    2.   Reynolds is granted leave to file in this court a motion to stay the federal petition within thirty days of the date of this order;

    3.   Reynolds must commence post-conviction litigation in the superior court within sixty days of the date of this order;

    4.   Reynolds must apprise the court, every ninety days, of the status of his state court litigation, through the final disposition of his federal claims in the NHSC;

    5.   Once the NHSC has issued a decision on Reynolds's appeal of his post-conviction litigation, Reynolds must notify this court within thirty days of the date of that decision, must file a motion to lift the stay in this court, and, if he intends to maintain his federal habeas petition, he must file an amended habeas petition that demonstrates that he has exhausted his state court remedies as to all of the federal claims contained therein;

    6.   To demonstrate exhaustion, Reynolds must file as exhibits to his amended petition in this court any motions, notices of appeal, briefs, state court decisions, or other

documents derived from the state court record, which demonstrate that his state court remedies have been presented to the NHSC; and

    7.   Reynolds's amended habeas petition must name the proper respondent in this matter, Reynolds' custodian at the time the amended petition is filed.

Should Reynolds fail to amend his petition as directed, or otherwise fail to comply with this order, the court will recommend that the petition be dismissed, without prejudice, for failure to demonstrate exhaustion of state remedies as to each of the claims asserted therein.  See 28 U.S.C. § 2254(b).

    SO ORDERED.

                                   _____
                                   Landya McCafferty
                                   United States Magistrate Judge

October 15, 2012

cc:  Scott Erik Reynolds, pro se

LBM:jba